# In re Abington School District.

Where a new school district results by operation of law from the incorporation of a borough the apportionment and division of the school property must be made in the manner provided by the 11th section of the Act of 11th April 1862, upon the formation of new school districts.

March 23d 1877.    Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.    SHARSWOOD, J., absent.

Certiorari to the Quarter Sessions of *Montgomery county :* Of January Term 1877, No. 136.

Prior to the year 1874, what is now the "School District of Abington" and the "School District of Jenkintown" comprised one district, which was then known as the "School District of Abington.'    While so united the Abington school district, in the year 1866, expended a large sum of money in the erection of school buildings.

On December 8th 1874, by a decree of the Court of Quarter Sessions of said county, the borough of Jenkintown was created out of a portion of the township of Abington, and thereby, as provided by the Act of May 8th 1854, Pamph. L. 617, Purd. Dig. 235, became a new school district under the name of the "School District of Jenkintown."

On the 13th of December 1875 the present school district of Abington petitioned the court in the words of the Act of 11th April 1862, Pamph. L. 474, Purd. Dig. 236, pl. 6, to determine, on hearing, whether an undue proportion of the real estate and school

84      179
22 SC  243

84      179
29 SC  185
84      179
31 SC  172

[In re Abington School District.]

houses belonging to the old district were within the bounds of the new district, and if so, how much money shall be paid therefor by the new to the old district; and if any money be on hand, or debt unpaid, or any tax, or other claim, be uncollected after the settlement of all accounts of the current year, that the court shall divide said money or debt amongst the districts in such proportions, and make such order as to uncollected tax or other claims as shall be just, in accordance with the provisions of the Act of Assembly in such case provided.

The application was referred to a commissioner to take testimony and make report thereon, who reported the sum of $3350, as due from the school district of Jenkintown to Abington.

To this report, among others, the following exception was filed:—

"The so-called 'school district of Jenkintown' is not a separate school district established by decree of court, so as to bring it within the proceedings under the Act of 11th April 1862, sect. 11, according to which said commissioner was appointed."

The court, Ross, P. J., sustained the exception, set aside the report of the commissioner, and dismissed the petition, being of the opinion that the provisions of the Act of 1862 did not extend to new school districts formed by the creation of boroughs, and a decree was entered accordingly, which was the error assigned by the Abington school district, which took this appeal.

*B. E. Chain*, for the appellants.—By the Act of 8th May 1854, Pamph. L. 617, provision was made for a system of common school education in all the counties of the state, and every township, borough and city then existing or thereafter to be constituted were to become a school district subject to the act. By the same act all former acts inconsistent therewith were repealed. Thereby all independent districts were abolished, and townships, boroughs and cities were made the districts, and courts chartering boroughs were denied the discretion of permitting them to remain connected with the old district. By the Act of 8th May 1855, Pamph. L. 509, a supplement to the Act of 1854, the Quarter Sessions were authorized upon petition to decree separate and independent school districts, and provision was also made therein for the division of school property, "whenever a new district shall be erected according to the provisions of this act."

What then are the new districts to which the Act of 1862 refers? Not the independent districts, for the Act of 1855 provided for them. No new districts are authorized by the Act of 1862, and it is evident the new districts intended by the Act of 1862 are those created by the erection of boroughs, townships and cities which, by the Act of 1854, are made *new* districts whenever created, and the Act of 1862 therefore was to supply deficiencies in former laws. The legislative definition of *new* districts in the first section of Act

[In re Abington School District.]

of 17th April 1865, Pamph. L. 62, confirms this view. It provides that "the clerks of the Courts of Quarter Sessions of the several counties of this Commonwealth shall forward to the superintendent of common schools a certified copy, under seal, of the decree of said court, of their respective counties creating any *new* school district, whether it be formed by the incorporation of a borough, the creation of a new township, or the formation of an independent district."

*B. M. Boyer*, for appellee.—The school district of Jenkintown was not created by any procedure to establish the same. It was not established by any decree of court, upon any petition for that purpose, by any persons residing within its limits. It became a school district by operation of law upon the creation of the borough of Jenkintown, and does not fall within that class of new school districts which must account to other districts for the value of the school real estate which happens to fall within their limits.

Formerly there was no such accountability in any case, and when it was afterwards created it was only applied to such new districts as were directly established by the courts upon the petition of their inhabitants, and never where, as here, the school district was imposed upon the inhabitants without their asking. Appellant in his argument admits that prior to 1862, the school law provided for the apportionment of this description of property only, in the case of independent school districts erected by the court upon the petition of twenty taxables; and that no such provision existed for cases where, as here, the school districts resulted simply from the formation of a new borough or township. But he insists that the Act of 1862 has changed the law in this respect, and for this he quotes from the 11th section of that act. But an analysis of the section will show that the word "new" was not intended to be applied to *every* new district, without regard to the manner of its creation.

But the most pregnant argument is contained in the discrimination of the section as between the old and the new district. It will be observed that it makes no provision for any compensation by the old district to the new for any undue proportion of the real estate falling within the bounds of the former. If by operation of law the division ensues, the accountability and apportionment should be reciprocal, or not at all. But if the separation is made upon the petition of the inhabitants of the new district, it is not unfair that the new district, created by its own action, should make the compensation provided for to the old district, which had no part in the act. And for the same reason it might be deemed unjust that the old district, having had no hand in the proceeding, should be forced to make compensation to the new one in such a case.

The Act of 1865 discloses no such meaning as that contended for by appellant.

[In re Abington School District.]

Mr. Justice STERRETT delivered the opinion of the court, May 7th 1877.

The incorporation of the borough of Jenkintown by the Court of Quarter Sessions, out of a portion of the township of Abington and school district of the same name, resulted, by operation of law, in the formation of the new school district of Jenkintown; and the question presented in this case is, whether it is a *new district*, within the meaning of the 11th section of the Act of 1862, which pro-. vides, *inter alia*, that where a new school district is formed, the court establishing the same shall determine, on hearing, whether an undue proportion of the real estate and school houses, belonging to the old district or districts, are within the bounds of the new district, and if so, how much money shall be paid therefor by the new to the old district or districts : Pamph. L. 477.

The learned president of the Quarter Sessions, in sustaining the first exception to the report of the commissioner and dismissing the petition of the appellant, held that it was not.    In this we think there was error.

By the incorporation of the borough what had before been one, became two separate and distinct school districts—one retaining the old name, and the other assuming the name of the new borough.

While the primary object of the decree was the incorporation of the borough, with all the rights and powers incident thereto, its necessary legal effect was to establish the school district as fully as if application had been made for that purpose : Pamph. L. 1854, p. 617.    The act of the court which created the one *proprio vigore* established the other.    It requires, therefore, no strained construction of the act to hold that the new district was established by the court, and if so, the provisions of the act are literally applicable to it.

The object of the several acts, which from time to time have been passed on the subject of education, has been to remedy defects as they were discovered by experience—to provide for a just and equitable distribution of funds raised or invested for educational purposes, and as far as possible to perfect and perpetuate a harmonious system of common school education.    To this end, it has been found necessary to provide, among other things, for the alteration and division of school districts, and the creation of new ones, corresponding with the municipal subdivisions of counties, or sometimes independent of them, as the public convenience seems to require; and, in so doing, to provide for an equitable division of funds on hand, or compensation for school property acquired by the expenditure of the common funds.    In giving construction to any part of the law, therefore, regard should be had to the entire system, and such parts as are remedial in their object should receive a liberal construction in order that the just and beneficent objects, intended by their enactment, may be promoted.

If, as the appellant alleges and the report of the commissioner shows, the new district has $3350 in value more than its proportionate share of the school property, it would be manifestly unjust for it to retain the same without making proper compensation for the benefit thus received ; and the act in question should be construed as affording an appropriate remedy, unless its application is necessarily restricted, as contended by the appellee, to separate and independent districts established directly by decree of court on petition for that purpose.

The remedial provisions of the 6th section of the Act of May 8th 1855 (Pamph. L. 510), are evidently restricted to such districts, but there is nothing in the Act of 1862 to indicate that it was not intended to enlarge the remedy and embrace other new districts. Independent districts were already provided for, and as the incorporation of every new borough by the court, *ipso facto* created a new school district, provision for the equitable adjustment of claims against them was needed. Moreover, the language employed, viz., "where a new school district is formed," &c., applies fully as well to new districts established by the incorporation of boroughs and erection of townships, as it does to independent districts created by the court, according to the provisions of the Act of 1855. There is nothing in the language by which its operation can fairly be restricted to districts of the latter class. Whenever they are mentioned, they are designated as *independent* districts.

The 1st section of the Act of April 17th 1865, requiring the clerks of courts of Quarter Sessions to forward to the superintendent of common schools a certified copy of each decree of court, " creating any new school district, whether it be by the incorporation of a borough, the creation of a new township, or the formation of an independent district," furnishes some indication as to the legislative meaning of the term *new districts*, and lends some force to the construction we have adopted.

We are of opinion, therefore, that the *new districts*, intended to be provided for by the section of the act under consideration, include those created by the incorporation of boroughs and erection of new townships by the court.

Inasmuch as the court evidently dismissed the petition for supposed want of jurisdiction, without fully considering the other exceptions, the case should go back for further hearing.

The order of the Court of Quarter Sessions, sustaining the exceptions and dismissing the petition, is therefore reversed and set aside, and *procedendo* awarded.