## Overseers of the Poor of Lake District *versus* Overseers of the Poor of South Canaan.

87    19<br>29 SC ²184

1. Where a pauper has been divorced from her husband her settlement is in the district in which her husband resided at the time of the divorce.

2. Where a poor district has been divided, and the question is as to whether one is a resident of the old or new district, it is to be determined by ascertaining whether the *locus* of the settlement has been so changed in the original district by such acts as would gain a new settlement in another district.

April 1st 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Certiorari to the Court of Quarter Sessions of *Wayne county:* Of January Term 1878, No. 224.

Appeal by the District of Lake from an order of removal of Louisa Burleigh, a pauper, from the district of South Canaan to the district of Lake.

Louisa Burleigh, the pauper, whose settlement is in dispute in this case, was the wife of Sylvester Burleigh. A decree of divorce was made May 5th 1869, by the Court of Common Pleas of Wayne county, on the ground of desertion by the wife. At the time of the desertion, in May 1866, the domicil and settlement of Sylvester Burleigh was in the territory, then and now, of South Canaan, where he was born, and in a house which he had built on his father's land, in which he had lived five years. For twenty-five years he had paid taxes in South Canaan. He owned land which had no building on it, and was situate about half in South Canaan and about half in Jefferson township, Luzerne county. On the 16th of May 1876, by a decree of the Court of Quarter Sessions of Wayne county, a part of South Canaan and Salem townships were set off into a new township called Lake. A small part of Sylvester Burleigh's land, some three acres, was embraced in the new township. "Right away" after his wife left him, in May 1866, he broke up housekeeping, leaving his "things" in the house until he let his father have it, about a year after his wife left; then he moved the things into the house his father moved out of, which was also then and now in South Canaan; but he never went back

into either house to live again unless it was to stay over night occasionally, and in the winter of 1867–8 boarded at his father's some days and took care of his cattle. At the time of the divorce, some of his household goods still remained at his father's house, of which Sylvester had the key; some were at Rufus Swingle's, then in South Canaan, now in Lake, where Sylvester Burleigh was at the time of the divorce boarding, and where he had boarded for about two months before, and some in a shanty in Jefferson. During this time and at the time of the divorce he was working on another shanty where he lived at the time of the hearing. It was situated on his own land, and the line between Jefferson and South Canaan went directly through the house. That part of the shanty which was in South Canaan was set off into Lake township. At the time of the divorce he had not lived in this shanty and had nothing there. After the house was completed, in September 1869, he had his things remaining at his father's house brought to his new house, which was about half in South Canaan and half in Salem, and went to keeping house there. Subsequently the house was removed so that it stood all in what is now Lake. He always voted and paid taxes in South Canaan until Lake was set off, after which he voted in Lake. He was never assessed nor paid taxes nor voted in Salem. Some two months before the divorce Mrs. Burleigh's own household goods, which she brought there at the time of her marriage, were taken away from the house in South Canaan by her friends. After he broke up housekeeping, as aforesaid, Sylvester Burleigh boarded (except as stated hereafter) at different places, employed by others at different kinds of work, until he went to board at Rufus Swingle's, some two months before the divorce. His washing was done at said Swingle's while he boarded there, and generally at the same place where he boarded. For some four or five months after April and embracing August 1868, he lived in a shanty in Jefferson township, where he boarded himself. He does not appear to have remained at any one place over a few months; his longest stay being at Stanley Burleigh's, where he boarded from in May 1866 until the following winter, working for the Pennsylvania Coal Company. After leaving this shanty he boarded at different places in what is now Lake, until he came to Rufus Swingle's as aforesaid, about two months before the divorce. After the divorce Louisa Burleigh became a pauper and was for some time supported by South Canaan, until, on the 10th of April 1877, the overseers of the poor of South Canaan obtained an order for her removal to Lake, from two justices of the peace, who adjudged her last settlement to be therein, which order was appealed from by Lake township, The case was argued upon depositions, taken by agreement of counsel, which disclosed the foregoing facts.

·The court dismissed the appeal and adjudged the pauper to be legally chargeable upon Lake township.

[Overseers of Lake Dist. *v.* Overseers of South Canaan.]

The overseers of Lake township filed the following exceptions :

1. The facts in evidence were insufficient to give a settlement in Lake township and to authorize a removal there.

2. The facts in evidence showed a settlement of the pauper in South Canaan.

3. The facts in evidence showed that at the time of the divorce the settlement of the husband was in South Canaan township, in that portion thereof not set off into Lake, and there was no evidence showing any other or different settlement of the husband prior to the time of the divorce.

4. The facts in evidence were insufficient to change the pauper from South Canaan to Lake, her original settlement after marriage without doubt being in South Canaan, and there being no evidence to show any change of settlement prior to the divorce.

The court dismissed these exceptions and affirmed the original judgment and order, and from this action this appeal was taken.

*E. O. Hamlin*, for Lake township.—A female by marriage acquires her husband's settlement, if he has one, which she does not lose by divorce : Buffalo *v.* Whitedeer, 3 Harris 182. Upon the division of a township the settlement of a pauper follows the township in which he resided at the time of making it : Hopewell Township *v.* Independence Township, 2 Jones 94. A settlement has a local habitation in respect to the township itself and the fragment of territory into which it falls is to maintain the pauper : Id. The most that can be claimed is that the location of the settlement may be changed in the same township by such acts as would gain a new settlement in another township

*G. G. Waller*, contra.—The intention of the law is that all who reside in the bounds of the new town at the time of the division, shall be transferred to it with all their responsibilities. At the time of the desertion by his wife, Burleigh left the old township, as it now is, and went into the bounds of the new, and for three years, up to the time of the divorce, lived in the bounds of the new one, boarding, having no family, and building his house, which he moved into about the time of the decree of divorce. And up to the issuing of the order of removal, it does not appear that Louisa was in South Canaan at all. If her residence would follow that of her husband until she acquired another, then if he changed after she deserted him, whether before or after the divorce, we submit her residence would follow his. Burleigh has lived and paid taxes in the bounds of Lake for over ten years, and still lives there. Lake has the benefit of his taxes, why should it not share the burdens ?

Mr. Justice PAXSON delivered the opinion of the court, May 6th 1878.

[Overseers of Lake Dist. *v.* Overseers of South Canaan.]

Louisa Burleigh, the pauper whose settlement is the subject of this contention, was at one time the wife of Sylvester Burleigh. He obtained a divorce in the Court of Common Pleas of Wayne county, on the 5th of May 1869, on the ground of desertion. Subsequently she became a pauper, and was supported for some time by the poor district of South Canaan. On the 10th of April 1877, the overseers of the poor of said district obtained an order of removal to Lake district. This order was appealed from by Lake. The court below dismissed the appeal, which ruling has been assigned for error in this court.

It is a familiar principle that the settlement of the wife follows the settlement of the husband. Hence it becomes essential to ascertain where the husband was settled at the time of the divorce. It is not denied that at one time prior thereto the settlement of the husband was in that portion of South Canaan not embraced in what is now Lake District. On the 16th of May 1876, by a decree of the Court of Quarter Sessions of Wayne county, a part of South Canaan and Salem townships were cut off into a new district, called Lake. It was contended that at the time of the divorce Sylvester Burleigh's settlement was in that portion of South Canaan which, by the said decree, was attached to Lake. The 12th section of the Act of 13th June 1836, Pamph. L. 542, provides that "if the last place of settlement of any person who shall have become chargeable, shall be in any township which shall have been divided by the authority of the laws, such person shall be supported by that township within the territory of which he resided at the time of gaining such settlement." It was said in Hopewell Township *v.* Independence Township, 2 Jones 92, that the principle established by the act referred to is, "that a settlement has a local habitation in respect to the township itself, and that the fragment of territory into which it falls is to maintain the pauper whether he has been chargeable to the parent township or not." The manifest object of this section of the Act of 1836 was to require each portion of the territory to bear its own burdens in all cases where a poor district is divided by authority of law, and this notwithstanding the fact that the pauper had been a charge upon the parent township or district before the division. In Lewis *v.* Turbut, 3 Harris 145, it was held that the place of settlement of the father is that of the son until the latter acquires a new settlement; and if the township in which the father had his place of settlement be divided after the death of the father, the place of settlement of the son by virtue of the 12th section of the Act 13th June 1836, is in the township within the territory of which the father resided at his death; and the fact that the son when a minor worked in another part of the township, which was, after the father's death, formed into another township, will not divest the son of his original settlement. An examination of the evidence in this case leaves us in no doubt that

at the date of the decree in the divorce suit the settlement of Sylvester Burleigh was in what is now the district of South Canaan. His prior settlement there is not denied. When once established it must be presumed to have continued until by some act he had gained a settlement elsewhere. The fact of his living in Lake after the divorce and after the division, is not material. The question is, whether at the time of the divorce the *locus* of his settlement had been so changed as to have given him a settlement in Lake if it had been at the time a separate district. Of this there is no evidence. The nearest approach to it is what Burleigh himself says in his testimony : " When the divorce was obtained in May 1869, I was boarding at Rufus Swingle's, in South Canaan, now Lake; had boarded there a couple of months. Near a year before the divorce I kept bachelor's hall in Luzerne county. At the time I boarded at Rufus Swingle's I was working on the house or shanty I now live in. The line between Jefferson and South Canaan went right through the house; that part of the shanty in South Canaan was cut off into Lake ; I had not lived at the house at the time of the divorce; some of my things were in my father's house at the time of the divorce; some of them were at Rufus Swingle's and some in Jefferson. I kept the keys of the respective houses at my father's while the things remained in them. After the house was done and the divorce, I had the things remaining at father's house brought down to my new house. The house was about half in each township ; after the divorce I went to keeping house in this new house; the house now stands all in Lake, as it has been moved." All this would have been unavailing in an attempt to establish a settlement in Lake in May 1869 had it then been an independent district. It is equally unavailing to enable Lake to throw the burden of the support of this pauper upon South Canaan. The fact that Sylvester Burleigh, at the time of the divorce had been boarding for a few weeks in what is now Lake, is not important. What he did or where he lived subsequently is of still less importance. While it is not contended that a man having a settlement can acquire another settlement in the same district, yet the *locus* of the settlement may be changed in the same district by such acts as would gain a new settlement in another district.

We are of opinion that in May 1869 the settlement of Sylvester Burleigh was in that part of the district now South Canaan ; that he had done no act sufficient to change the *locus* of his settlement in the district, and throw it into that portion subsequently incorporated into Lake ; and that inasmuch as the settlement of the husband was the settlement of the wife at the time of the divorce, the district of South Canaan is properly chargeable with the support of the pauper.

The decree is reversed at the costs of South Canaan ; and record remitted for further proceedings if required