# Wilkins Township School District.

*School law—Annexation of territory to borough—Apportionment of real estate and indebtedness—Boroughs—Acts of April 11, 1862, P. L. 471, and June 1, 1887, P. L. 285.*

There is nothing in the Act of April 11, 1862, P. L. 471, which gives the school district of a township a right to demand compensation from a borough school district for real estate situated in a portion of the township annexed to the borough. All that the school district of the township can demand of the school district of the borough, is that any existing debt of the former shall be apportioned between the two districts.

Where a portion of the territory of the school district of a township has been annexed to the school district of a borough under the Act of April 3, 1851, P. L. 320, sec. 30, and no appeal has been taken by the township or a citizen thereof, to the court of quarter sessions, as the proceedings were prior to the Act of April 6, 1899, P. L. 33, which gave a right to such appeal, the court of quarter sessions cannot subsequently assume jurisdiction over a petition of the school district of the township, to enforce the provisions of the Act of June 1, 1887, P. L. 285, giving the school district of the township compensation from the school district of the borough for school real estate situated in the annexed territory.

Argued May 11, 1901. Appeal, No. 138, April T., 1901, by Wilkins Township School District, from order of Q. S. Allegheny County, March T., 1899, No. 1, dismissing petition for an allowance for real estate in the matter of the adjustment of indebtedness between the school district of the township of Wilkins and the school district of the borough of Turtle Creek. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Petition for an order directing the school district of the borough of Turtle Creek to make compensation for a schoolhouse situated in territory annexed to the borough, but formerly attached to the school district of Wilkins township.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*E. J. Smail,* for appellant, cited : In re Abington School District, 84 Pa. 179 ; Sugar Notch Borough, 7 Pa. Superior Ct. 4.

*George W. Herriott*, for appellee.

OPINION BY W. D. PORTER, J., October 14, 1901:

In accordance with the provisions of the Act of April 3, 1851, P. L. 320, sec. 30, upon petition of the requisite number of freehold owners of lots or tracts of land comprising a part of Wilkins township adjacent to the borough of Turtle Creek, the town council of the borough by ordinance declared the admission and annexation of said part of the township to the borough. The borough authorities duly filed a plan of such extension of the borough limits, together with a copy of the petition and ordinance, in the office of the clerk of the court or quarter sessions, and published notice thereof as required by the Act of June 2, 1871, P. L. 283. No appeal to the court of quarter sessions was taken under the provisions of the act last named.

The authorities of the school district of the township of Wilkins subsequently presented to the court of quarter sessions a petition setting forth that there was an existing indebtedness of the school district, and that the part of the school district annexed to the borough embraced an excessive and undue proportion of the school property of the school district of the township of Wilkins; that the school district of the borough of Turtle Creek was justly liable for a proportionate share of said indebtedness, and for the undue and excessive proportion of the school property to which it had acquired title by the change in the borough limits. The petition prayed the court to grant a hearing upon the matters therein alleged, and to divide, apportion and adjust the indebtedness aforesaid between the school districts respectively, in such proportion as should be just, and decree payment by the school district of the borough of Turtle Creek of such sum as might be found due to the petitioner. The learned judge of the court below dismissed the petition and filed an opinion, giving his reasons for this action. We agree with the learned judge of the court below in holding that section 11 of the Act of April 11, 1862, P. L. 471, had no application to this case. That section of the act can only be invoked when a new school district is created. That the legislative intent was that the 11th section of the act should have no application to changes of lines between existing school districts is made clear by the fact that the legislature in the same act made spe-

cific provisions with regard to the ascertainment of the indebt-edness and division of school property when a portion of a school district was detached from one and added to another district.   The 10th section of the act of 1862 provides : "That when a portion of a common school district is detached there-from by the alteration of township or borough lines, or when an independent school district is abolished . . . . if any money be on hand, or debt unpaid, or any tax, or other claims be un-collected, after the settlement of all accounts of the current year, the proper court shall divide said money, or debt, amongst the districts thus acquiring territory . . . . and any sum thus decreed to be due by any distrtct, to any district or individual, shall be entered in the nature of a judgment," etc.   These are the only provisions of the act of 1862 which can be made avail-able to compel an old school district, the lines of which have been extended to make compensation to the district from which it has acquired territory.   This legislation makes no provision for the ascertainment in such case of the value of the real es-tate in the territory annexed, nor for compensation by one dis-trict to the other because of the division of such school real estate resulting from a change of the borough limits.   The learned judge of the court below was therefore correct in hold-ing that the act of 1862 gave the petitioner no standing to de-mand compensation for an alleged excessive proportion of real estate belonging to the school district within the limits of the part thereof annexed to the borough.   The learned judge, how-ever, inadvertently overlooked the fact that the petition alleged that there was an existing debt of the school district unpaid, and that under the 10th section, above recited, the school dis-trict of the township of Wilkins was entitled to compensation from the school district of the borough for the proportionate part or that debt which the annexed district ought to pay. The above recited 10th section of the act of 1862 applies in all cases where there is an alteration of township or borough lines, whether by a decree of a court or by the lawful action of other competent authority: In re Abington School District, 84 Pa. 179.   In the dismissal of the petition there was error ; the school authorities of the township were entitled to an ascertainment of the indebtedness without regard to the value of the real estate.

It is contended, however, on behalf of the appellant school

district, that this case comes within the provisions of the Act of June 1, 1887, P. L. 285, and that, if the amount of the school property passing with the annexed district to the borough is excessive, the school district of the township is entitled to compensation for the excess.    The law perhaps ought to be so, but the rights of the appellant are wholly dependent upon statutes.    It is within the power of the legislature to provide by general laws for the division of the commonwealth into school districts, and for the changing of the lines of those districts from time to time as the convenience of the inhabitants may require.    When one school district seeks to recover from another for the value of school real estate, which by a lawful change of the district lines is taken out of the jurisdiction of one and brought within that of the other, it must show the authority of a statute for the enforcement of its claim.    The act of 1887 applies only to those cases in which the court of quarter sessions has acquired jurisdiction to enter a decree changing or refusing to change the limits of a borough.    The jurisdiction is not limited to those cases in which the proceeding has had its origin in a petition directly to the court, but includes those cases in which the proceeding has been instituted by petition to and ordinance of the borough council, and of which the court has acquired jurisdiction by appeal.    The jurisdictional clause of the 1st section of the act, " Whenever proceedings shall have been or shall hereafter be commenced in any court of this commonwealth for the purpose of changing the limits of any borough," is but the equivalent of saying in all proceedings now pending or hereafter instituted in any court of this commonwealth, etc.    The provisions that the proceedings shall have been approved by the grand jury is merely directory, as is that requiring the appointment of an auditor before the making of the decree changing the limits of the borough.    After the decree is entered any school district having an interest is entitled to insist upon compliance with the provisions of the legislation.    The Act of June 26, 1895, P. L. 389, has eliminated approval by the grand jury from proceedings of this character.    The court, under the act of 1887, is empowered to appoint an auditor in every case where it has acquired jurisdiction of a proceeding for the purpose of changing the limits of a borough, and the record has been brought to that stage when the court is called upon to exercise its dis-

cretion to determine whether the limits of the borough shall or shall not be extended. The difficulty with the position of the appellant is that the court of quarter sessions never acquired jurisdiction to enter any decree in the proceeding to extend the limits of the borough of Turtle Creek. The proceeding was never brought into the court of quarter sessions by appeal and the jurisdiction of the court never attached. The case never came within the operation of the act of 1887. This may seem a hardship, for at the time of the proceeding to extend the limits of the borough, neither the appellants nor any other citizens of Wilkins township had the right of an appeal to the court of quarter sessions, that right not having been extended to the citizens of the township from which territory is taken in such a case until the approval of the Act of April 6, 1899, P. L. 33. As the law now stands it is within the power of any citizen of the borough or the township to appeal from an ordinance of the town council extending the limits of a borough, and, by thus invoking the jurisdiction of the court of quarter sessions, bring the rights of all the parties within the protection of the act of 1887. The right of the appellant to recover is dependent upon the 10th section of the act of 1862, and the recovery can only be for the amount authorized by that legislation.

The decree of the court of quarter sessions is reversed and a procedendo awarded.