## Menoher's Estate.

*Will—Rule of construction—Vested and contingent remainder.*

In the construction of wills, the law in doubtful cases leans in favor of a vested, rather than a contingent estate; of an absolute rather than a defeasible one; and of the first taker rather than the second one, as the principal object of the testator's bounty; also that a particular intent must yield to a general intent if both cannot consist together.

Generally when land is given to one person for life, or for any other estate upon which a remainder may be dependent, and after the determination of that estate it is devised over, whether to persons nominatim, or to a class of persons, it will vest in the objects to whom the description applies at the death of the testator. Such devise is held not to denote a condition that the devisee shall survive such person, not to define when the interest shall vest, but only to mark the time when the gift shall take effect in possession, that possession being deferred merely on account of the life interest limited to the person on whose death the gift is to take full effect.

Where a devise over is made dependent upon the first devisee dying before he comes of age, or without issue, or any similar event, it is considered that the devise is equivalent to a provision that the first donee shall take an immediate vested interest liable to be defeated by the happening of the contingency named; or if it does not happen, the estate then to become absolute and indefeasible.

*Wills—Use of " or " for " and "—Dying without heirs.*

Where a testator gives an absolute estate to his son, but should his son " die without heirs or before he attains the age of twenty-one years," the word " or " will be read " and, " to avoid the improbable supposition that the testator intended to disinherit the issue of his son in case he died before twenty-one leaving issue.

*Wills—Vested and contingent remainder—Dying without heirs or before attaining the age of twenty-one years—" Or " for " and. "*

Where a testator gave the remainder of his estate after the death of his widow to an adopted son " his heirs and assigns, " and should the son " die without heirs or before he attains to the age of twenty-one years," then over, and the adopted son dies in the lifetime of the widow without issue, and after he had attained the age of twenty-one years, the adopted son at his death had a vested interest in the estate.

Argued April 18, 1901.   Appeal, No. 55, April T., 1901, by W. E. Menoher et al., from decree of O. C. Westmoreland Co., Feb. T., 1900, No. 1, refusing letters of administration d. b. n. c. t. a. in the estate of James Menoher, deceased.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Appeal from register of wills, refusing to grant letters of administration d. b. n. c. t. a.

*Error assigned* was the decree of the court dismissing appeal from register of wills.

*V. E. Williams*, with him, *A. M. Sloan* and *W. A. Griffith*, for appellant.—This case is ruled by Ralston v. Truesdell, 178 Pa. 429.   See also Caldwell v. Skilton, 13 Pa. 152, McCormick v. McElligott, 127 Pa. 230, Langley v. Heald, 7 W. & S. 96, Drum v. Millar, 44 P. L. J. 176, Berg v. Anderson, 72 Pa. 87, Taylor v. Taylor, 63 Pa. 481, and Neave v. Jenkins, 2 Yeates, 414.

*H. E. Marker*, of *Marker & Hollingsworth*, and *Atkinson & Peoples*, for appellees, cited : Biddle's Est., 28 Pa. 59 ; Chew's App., 37 Pa. 23; Reed's App., 118 Pa. 215; McClure's App., 72 Pa. 414; Cresson's App., 76 Pa. 19; Chess's App., 87 Pa. 362; Mickley's App., 92 Pa. 514 ; King v. Frick, 135 Pa. 575; Stevenson v. Fox, 125 Pa. 568; Flick v. Forest Oil Co., 188 Pa. 317 ; Mitchell v. Pittsburg, etc., Ry. Co., 165 Pa. 645 ; Robinson's Est., 149 Pa. 418 ; Morrison v. Truby, 145 Pa. 540; Coles v. Ayres, 156 Pa. 197 ; Fram v. Stewart, 5 Watts, 433.

OPINION BY RICE, P. J., October 14, 1901 :
After directing that his just debts and funeral expenses be

paid out of his estate, the will of James Menoher provided for the disposition of the residue as follows:

"I give and bequeath to my beloved wife, Annie Menoher, all my remaining property, real, personal and mixed, her heirs assigns forever, to have and to hold the same to her for and during her natural life. I will that, at the death of my beloved wife, Annie Menoher, the remainder of my property, real, personal and mixed, shall be given to James Menoher Louther, who is now my adopted son, James Menoher, to his heirs and and assigns. Should my adopted son, James Menoher, die without heirs or before he attains to the age of twenty-one years, then my will is that the remainder of my property be sold and divided between the six children of J. Gordon Menoher and the three children of Amos Louther, share and share alike, or to their heirs in the same proportion; and further, if my beloved wife should, at any time after my decease, wish to dispose of the real, personal or mixed property herein bequeathed, then I will that my executors may sell the property and pay the proceeds of it to her."

James Menoher, the adopted son, survived the testator but died during the lifetime of the widow, after he had attained the age of twenty-one, intestate, unmarried and without issue. This appeal is from the decree of the orphans' court dismissing the appeal of the children of J. Gordon Menoher, from the order of the register of wills dismissing their petition for the appointment of an administrator with the will annexed, the executor appointed by the will of James Menoher having died in the meantime.

The appellants' contentions are, (1) that the testator did not contemplate the death of his adopted son before him, but during the lifetime of his widow; (2) that by the word "heirs" as used in the executory devise over he meant "children" and a definite failure of issue; (3) that the adopted son having died in the lifetime of the widow without children no estate vested in him at any time; (4) that upon his death without issue the executory devise over became operative, subject only to the life estate of the widow; (5) that upon the death of the widow it became the duty of the executors to convert the real estate, the only remaining property of the testator, and to divide the proceeds as directed by the will; (6) therefore, that it was

error for the register to refuse to grant the letters of administration. Some of the foregoing propositions may be conceded without conceding the conclusions deduced therefrom by counsel. It may be conceded that the testator did not contemplate an indefinite failure of issue at some future time however remote, but a failure of issue in his own lifetime or that of his widow. If his meaning was that if his adopted son died without children in the testator's lifetime, the devise over was to become operative, then, as held by the register and the court below, the condition never happened because the son survived the testator and his estate thereby became absolute. Cases are not wanting which tend to sustain the construction above suggested. Granting, however, that the testator intended that the devise over should take effect if the contingencies mentioned should happen either in his own lifetime or in the lifetime of his widow, still we are not convinced that no estate ever vested in the son, or if an estate vested in him, that the contingencies upon which its existence was made to terminate happened. They are familiar principles that in the construction of wills, the law, in doubtful cases, leans in favor of a vested, rather than a contingent estate ; of an absolute rather than a defeasible one ; and of the first taker rather than the second one, as the principal object of the testator's bounty ; also that a particular intent must yield to a general intent if both cannot consist together. Generally when land is given to one person for life, or for any other estate upon which a remainder may be dependent ; and after the determination of that estate it is devised over, whether to persons nominatim or to a class of persons, it will vest in the objects to whom the description applies at the death of the testator. Such devise is held not to denote a condition that the devisee shall survive such person, not to define when the interest shall vest, but only to mark the time when the gift shall take effect in possession, that possession being deferred merely on account of the life interest limited to the person on whose death the gift is to take full effect : Chew's Appeal, 37 Pa. 23. So also where a devise over is made dependent upon the first devisee dying before he comes of age, or without issue or any similar event, it is considered that the devise is equivalent to a provision that the first donee shall take an immediate vested interest, liable to be defeated by the happening of

the contingency named; or if it does not happen, the estate then to become absolute and indefeasible : Carstensen's Estate, 196 Pa. 325, and cases there cited. In the disposition of the remainder the testator used words, which, if they stood alone, would, as plainly as words can, vest in his adopted son the fee simple immediately upon the death of the testator. And if we assume, as the appellants must, that the widow had but a life estate, we are not convinced that the power given to her would prevent them from having that effect: See Letchworth's Appeal, 30 Pa. 175, where the court quoted with approval the following statement of the general principle taken from Smith's Exec. Interests, sec. 309. A devise or legacy, appearing to depend upon an event that is sure to happen, is vested, if the happening of the event does not form a part of the description of the devisee, and if the suspensive provisions can, consistently with, or by the aid of other parts of the will, be probably interpreted as referring, not to the vesting of the title, but to the vesting of the enjoyment. Nor is it absolutely certain that the testator meant by the word "heirs" as used in the subsequent clause, anything else than the whole class of persons falling by law within that denomination, collateral as well as lineal. The presumption is that he used the word "heirs" in the first clause in its ordinary legal sense, i. e. as a word of limitation, and, to adopt the language of Mr. Justice STRONG, "all the cases prove that this presumption is not to be overcome by other words in the will merely incongruous with such an intention :" Criswell's Appeal, 41 Pa. 288 ; Doebler's Appeal, 64 Pa. 9. But as was suggested in the last cited case he might have meant heirs of the body in the substitutionary clause, and yet not have intended it in the first limitation. If this be granted, what follows ? Upon the happening of what contingency or contingencies was the devise over to take effect ? As already suggested, the rule is to regard the first taker as the preferred object of the testator's bounty, and in doubtful cases, the construction leans in favor of making the gift to him as effectual as possible. As between the testator's adopted son and the classes of persons referred to in the devise over, the former is to be regarded as the preferred object of his bounty. Not only are the ordinary presumptions in favor of that conclusion, but it is the natural inference fairly to be drawn from the will

itself. Now there are two constructions, which may be put upon the clause, "should my adopted son, James Menoher, die without heirs or before he attains the age of twenty-one years." He did not die without heirs nor did he die before he arrived at the age of twenty-one. But by the construction contended for by the appellants the gift to him would be defeated if he died without issue, or if he died before attaining the age of twenty-one even though he left issue. If, however, the principle applies that the gift to him is to be made as effectual as possible, we are as fully, indeed more fully, justified in construing the clause as if the conjunction " and" were substituted for the word " or" as we would be justified in substituting the word " children" or the word " issue" for the word " heirs." This construction has been adopted in numerous cases, both English and American, to avoid the improbable supposition that the testator intended to disinherit the issue of the first taker, in case he died before twenty-one, leaving issue. Speaking of a similar clause SHARSWOOD, J., said : " It is unnecessary to consider now what the word 'heirs' means in this connection, because it is abundantly clear, both upon reason and authority, that the clause must be construed as if the conjunctive word 'and' were substituted for the disjunctive 'or' in the sentence. Upon reason : because, if it is construed disjunctively, the devisee, the testator's only son, who was the first object of his bounty, might die under twenty-two leaving children, and those children would then be deprived of the estate. This is the literal and grammatical construction of the words as they stand. But this most assuredly the testator never intended. Upon authority : for the courts have uniformly, in wills containing exactly the same language, construed the word 'or' to mean 'and ': " Doebler's Appeal, 64 Pa. 9. The same construction has been adopted after full consideration in the following Pennsylvania cases : Hauer v. Sheetz, 2 Binney, 532 ; Holmes v. Holmes, 5 Binney, 252, where the whole question was very thoroughly discussed by each of the three judges : Scott v. Price, 2 S. & R. 59 ; Beltzhoover v. Costen, 7 Pa. 13 ; Kelley v. Kelley, 182 Pa. 131. See also 1 Jarman on Wills (6th ed.), pp. *506, *507. In the last cited case Mr. Justice DEAN speaking of the case of Holmes v. Holmes, said : " That, and the long line of cases following it, have established the principle, that

no inapt words, nor any misuse of proper words, will be destructive of the plain intent, as ascertained from the whole will." In any way that the case may be viewed we think the register and the court below correctly held that the appellants had no such interest as entitled them to have an administrator with the will annexed appointed, even though it be assumed, as was conceded by counsel on both sides, that the widow took a life estate only.

Decree affirmed, the costs to be paid by the appellants.