## Old Forge School District's Indebtedness.

*School law—School districts—Cutting borough out of township—Boroughs —Townships—Apportionment of debt and property.*

Where a borough is carved out of a township, the residue of the township remains a school district however small its population may be, and as such is entitled to a portion of the school property in an adjustment · with the school district of the borough.

In a proceeding to apportion debt and property between two school districts, the title of the school directors' to their offices cannot be attacked.

Argued Jan. 20, 1903. Appeal, No. 58, Jan. T., 1903, by the Old Forge Borough School, from order of Q. S. Lackawanna County, Feb. T., 1901, No. 356, overruling exceptions to report of commissioner apportioning property of school districts. In re Apportionment of the Indebtedness of Old Forge School District. Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ. Affirmed.

Exceptions to report of D. W. Thayer, Esq., commissioner.

EDWARDS, P. J., filed the following opinion :

In May, 1899, by decree of the court of quarter sessions of Lackawanna county, the borough of Old Forge was created out of the greater portion of Old Forge township and school district of the same name. This resulted, by operation of law, in the formation of the new school district of Old Forge borough, leaving the balance of the Old Forge township a school. district by itself. " By the incorporation of the borough, what had before been one became two separate and distinct school districts, one retaining the old name and the other assuming.

the name of the new borough:" In re Abington School District, 4 W. N. C. 247.

A petition was filed in January, 1901, under the Act of 1862, P. L. 471, praying for an adjustment and apportionment of the property and indebtedness of the old school district among the two school districts—the borough and the township school districts. A commissioner was appointed to report the facts to the court. His report and the exceptions thereto is now before us. The commissioner, after finding the value of the school properties, the amount of the indebtedness and the location of the school properties, all being in the new or borough school district, strikes a balance and finds that the Old Forge borough school district owes the Old Forge township school district the sum of $5,821.

What is the nature of the exceptions?  They do not question the regularity of the proceedings, nor the valuation placed by the commissioner upon the school properties, nor the total amount of the indebtedness reported by him, or any item thereof, nor the apportionment of the assets, nor the amount of the balance found by the commissioner to be due from one school district to the other.  One would think that these matters not being excepted to would remove all difficulties in the way of a final decree by the court.  But there are exceptions on file and we must say that they are as anomalous as the condition of the Old Forge school district itself.  The main exception is—the second one being merely formal—"that under all the evidence, the part of the territory . . . . now alleged to be a township has not the necessary population to constitute a township within the meaning of the law, and that the alleged school district, is not a legal school district and is not entitled to maintain the present proceedings."  At the request of counsel for the exceptant the commissioner has found some interesting facts :

1. The territory constituting the school district contains 450 acres and is owned by the Delaware, Lackawanna & Western Railroad Company. The electors living in the district are tenants of the railroad company. The number of children of school age is six.

2. There is neither a church, nor a schoolhouse, nor a hotel within the township. No public school had been maintained

up to the time of the commissioner's report; no justice of the peace nor a constable elected in the township, and no township rates levied for the year 1900 and 1901.

3. While a school board has been elected and organized and a school tax of two mills levied in 1900, and one mill in 1901, the electors were so few that one and the same person was elected assessor and school director, another, tax collector and school director, another, inspector of election and supervisor, another, assessor and township treasurer, and so on through the list of offices. Political honors seem to be thrust upon all the electors in this little township, some of them occupying more than one office regardless of the incompatibility of the offices.

Because of the peculiar conditions stated, we are asked to suspend the operation of the law and to declare that there is no Old Forge township school district, when the act of assembly says there is. If there were only six children of school age in 1901, there may be twenty next year, and a schoolhouse may be built. It is not impossible that the railroad company's land may soon be in the market for building purposes and that a thriving population will inhabit this small township, attracted possibly by the fact that there is a township in Pennsylvania that has no tax levy,—a modern Utopia. Of course we do not know that all this will happen; but it may. In the meantime acts of assembly will continue to be enforced. The law is made for the future as well as for the present and will remain operative until changed by competent authority. Exceptional conditions sometimes come into existence when new municipalities and school districts are created by means of territorial divisions or additions; but these conditions in course of time adjust themselves to the demands of the prevailing scheme or system of government, and seeming anomalies, which are but temporary, soon disappear.

The exceptions are dismissed and the report of the commissioner is confirmed. Let counsel prepare final decree in accordance with the provisions of the act of 1862, and submit the same to the court.

*Errors assigned* were in dismissing exceptions to commissioner's report.

*H. M. Hannah* and *I. H. Burns*, with them *J. E. Watkins*, for appellant.

*E. N. Willard*, of *Willard, Warren & Knapp*, with him *John R. Wilson*, for appellee.

PER CURIAM, February 11, 1903:

Old Forge borough was created and erected out of a portion of Old Forge township in Lackawanna county, leaving a portion of the original township less than a mile square outside the limits of the borough. The land remaining in the township, although valuable, was sparsely populated.

The school directors of the township filed their petition in the quarter sessions, asking for " an equitable adjustment in accordance with the terms of the 11th section of the act of 1862 of all matters between the said school districts," namely, Old Forge borough school district and Old Forge township school district. The petition was duly answered by the Old Forge borough district, a commissioner was appointed who reported the facts, including the value of the property contained in the new district, the indebtedness of the old district and all other facts pertinent to the inquiry.

After careful consideration and an opinion filed, the court awarded to the Old Forge township school district the sum of $3,026.64 as " the proper amount to be paid by the borough of Old Forge school district to the township of Old Forge school district. " The mode by which this result was reached was entirely fair and equitable and, after a careful examination of all the facts found by the commissioner and considered by the court, we can see no error in the result. The opinion of the court below fully covers all the points in the case and justifies the conclusion.

By the 1st section of the Act of May 8, 1854, P. L. 617, " every township, borough and city of this commonwealth or which shall be hereafter erected, shall constitute and be a school district, subject to the provisions of this act." We know of and have been pointed to no act of assembly which limits the size or population of a township or which prescribes the size or population of a school district.

The maintenance of a school is practically the same, whether

the scholars be many or few, and we cannot say, nor could the court below arbitrarily say, that the school directors should provide for the children of school age within said district by sending them without the district to secure school facilities.

It is scarcely necessary to say that the title of the school directors to the office to which they seem to have been legally elected cannot be impeached in this collateral proceeding.

The opinion of the court below fairly covers all the questions involved and a further discussion of the subject would, therefore, seem to be superfluous. The decree of the court below is affirmed and the appeal dismissed at the cost of the appellant.

SMITH, J., concurring:

Under the laws relating to common schools, every township and borough is a school district, without respect to area, population or wealth. When a borough is formed of part of a township, it thereupon becomes a separate district, while the residue of the township remains a district as before. The assignment of error here asks us to hold that this residue, when reduced to the proportions appearing in the present case, ceases to be a district. Such a conclusion, however, is wholly without statutory warrant. The law has no provision by which the summary abolition of an old district results from the creation of a new one out of part of its territory, and provides no test for determining whether the old one is left capable of the necessary functions of a school district. The original district, however curtailed, retains its statutory character as a school district, with everything in law incident thereto.

In the case before us, a borough was duly formed of part of a township. Therepon, " what had before been one become two separate and distinct school districts: " In re Abington School District, 84 Pa. 179. Later, the school property and indebtedness were apportioned between the two districts, in the manner provided by law. Upon the confirmation of this apportionment by the court below, August 11, 1902, the respective rights of the districts, as thereby defined, became fixed and vested, defeasible only by reversal on appeal. In my view of the law, the questions presented in the first and second specifications do not arise in the case ; and with these eliminated, there is no ground of exception to the confirmation of the commissioner's report.

The effect of legislation, enacted since the argument of this case, on the subsequent status of these districts, we need not now consider.   It cannot operate to convict the court below of error in deciding the questions before it in conformity with the existing law, and therefore cannot influence our disposition of the appeal.   This court having no original jurisdiction in the premises can entertain no allegation of a right based on such legislation, and no proceeding to establish and enforce such a right can be initiated here.   Our sole function is to determine whether error appears in the record brought before us on appeal and as no error is thus shown, I concur in affirming the order made by the court below, dismissing the exceptions and confirming the report of the commissioner.