## Wayne Township Poor Overseers, Appellant, v. Ellwood City Borough Poor Overseers.

*Poor law—Township—Borough—Settlement—Support of paupers.*

Where a borough is incorporated out of territory which had formed a part of a township, and it appears that at the time of the incorporation all of the paupers chargeable against the poor district of the old township had their settlement within the territory constituting the new township, and that none of them had their settlement in the territory constituting the new borough, the poor district of the new township cannot impose any of the cost of the maintenance of such paupers on the poor district of the new borough.

Argued May 11, 1905.   Appeal, No. 227, April T., 1905, by plaintiff, from judgment of C. P. Lawrence Co., Sept. T., 1902, No. 33, for defendant on case stated in suit of Wayne Township Poor Overseers v. Ellwood City Borough Poor

182 WAYNE OVER'S, Appellant, *v.* ELLWOOD OVER'S.

Statement of Facts—Opinion of the Court. [29. Pa Superior Ct.

Overseers. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine the liability to support paupers. The facts appear by the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant on case stated.

*Robert K. Aiken,* for appellants.—When a borough has been created within a township, paupers, who were a charge on the whole township at the time of the incorporation of the borough, remain and continue a charge on the whole territory and people, and when part of the original territory maintains the charge, it has the right of contribution from the remaining territory and can recover in an action of assumpsit: North Whitehall Overseers v. South Whitehall Overseers, 3 S. & R. 117; Hopewell Twp. v. Independence Twp., 12 Pa. 92.

*H. K. Gregory,* with him *Leech A. Grove,* for appellee.—The plaintiff is precluded from recovery in this case, under the facts agreed upon, by reason of sec. 12 of the Act of June 13, 1836, P. L. 539.. McCloskey v. McConnell, 9 Watts, 17; Deddrick v. Wood, 15 Pa. 9; Road in Milton, 40 Pa. 300; Westfield Borough v. Tioga Co., 150 Pa. 152; Hopewell Twp. v. Independence Twp., 12 Pa. 92; Lake District Overseers v. South Canaan Overseers, 87 Pa. 19.

OPINION BY PORTER, J., October 9, 1905:

This is an action of assumpsit brought by the plaintiff against the defendant poor district to enforce contribution to the maintenance of certain paupers, who had been chargeable to the poor district of the township of Wayne prior to the incorporation of the borough, out of territory which had formed a part of that township. The parties entered into a written agreement as to the facts, which was submitted to the court in the nature of a case stated, the only question in dispute being as to the law arising upon the undisputed facts.

The borough of Ellwood City was incorporated on December 6, 1892, and is composed of territory which prior to

that date had been a part of the township of Wayne, in the county of Lawrence. The part of the township outside the borough limits has continued as the township of Wayne, and embraces the plaintiff poor district. At the time of the incorporation of the borough certain paupers were and had been chargeable to the poor district of the township of Wayne, which at the time the paupers became so chargeable included the territory comprising the present poor district of the township of Wayne and poor district of the borough of Ellwood City. The last place of settlement of each of said paupers, respectively, was at the time they became chargeable, and has since continued to be, within the territory of the present township of Wayne, and no one of them ever had a settlement within the limits of the territory now comprising the borough of Ellwood City. The plaintiff poor district has maintained these paupers since the date of the incorporation of the borough, December 6, 1892, and has down to the date of bringing this action, July 5, 1902, expended for that purpose the sum of $2,890.89, and asserts the right to recover of the defendant poor district, upon the basis of the proportion of the assessed value of taxable property, the sum of $982.90. The learned judge of the court below was of opinion that the plaintiff was not entitled to recover, and entered judgment in favor of the defendant.

The appellant contends that paupers who were a charge upon the whole township, at the time of the incorporation of the borough, remain and continue a charge upon the whole territory of which the township was composed, and when either of the municipalities into which the territory has been divided discharges the duty to maintain such paupers it has the right of contribution from the other poor district which was also subject to the charge. It is contended that this proposition is supported by the decision in Overseers of North Whitehall v. Overseers of South Whitehall, 3 S. & R. 117. The decision in that case was based upon the language of the act of March 24, 1803, which was held to imply a legislative intention to place in different classes, with regard to the liability of territorial subdivisions for maintenance, those who became chargeable before the division of territory and those who subsequently became so. Whatever may be the duty of individ-

uals, from religious or charitable considerations, the public is bound by no moral obligation to support the poor of the community. That duty, being legal and of positive institution, is to be carried no further than the express provisions of the poor laws. The Act of June 13, 1836, P. L. 539, "relating to the support and employment of the poor," was intended to supply a complete system and operate as a substitute for pre-existing legislation on the subject. The twelfth section of that act, in providing for the case of the division of a township and fixing the manner in which the liability of the subdivisions should be determined, uses language essentially different from that which had been employed in the act of 1803. "If the last place of settlement of any person who shall have become chargeable, shall be in any township which shall have been divided by the authority of the laws, such person shall be supported by that township within the territory of which he resided at the time of gaining such settlement." These words are as plain as could be uttered, and leave nothing to inference.

"The principle established by them is, that a settlement has a local habitation in respect to the township itself, and that the fragment of territory into which it falls is to maintain the pauper, whether he had been chargeable to the parent township or not. There was to be no contribution to subsequent maintenance, in any case, as there had been by the words of the act of 1803, which were purposely omitted:" Township of Hopewell v. Township of Independence, 12 Pa. 92; Overseers of Lake District v. Overseers of South Canaan, 87 Pa. 19. These cases definitely rule this case against the contention of the plaintiff.

The learned counsel of the appellant earnestly contends, however, that we should read into the act of 1836 words that the legislature did not see fit to insert there, and hold that it only applies where a township has been divided into townships. We find no warrant for so limiting the express provision of the statute, which is as broad as words could make it. "Any township which shall have been divided by the authority of the law," covers every case in which the territory of which a township is composed is lawfully divided. The purpose of the legislature was to relieve the municipal subdivisions of the state from uncertainty as to their duty and liability, fix di-

rectly the responsibility for the maintenance of the unfortunate, and avoid vexatious controversy and litigation. The statute should receive a liberal construction in order that these just and beneficent objects may be promoted. The word "township" as used in this section must be construed with a view to its relation to the entire subject of the statute, "the support and employment of the poor." The word township is not ordinarily synonymous with poor district, but the territory embraced by the former usually marks the boundaries of the latter. This statute was intended to supply a complete system regulating the relief and employment of the poor throughout the commonwealth, in boroughs as well as in townships, and although boroughs are not mentioned in this section, they would seem to be subject to its provisions for the same reasons which were held applicable in the case of statutes relating to public roads: Road in Milton, 40 Pa. 300; Westfield Borough v. Tioga County, 150 Pa. 152.

This appellant comes within the very letter of the act of 1836; the last place of settlement of the paupers in question was in a township which has been divided, and they resided at the time of gaining such settlement within the territory of the present poor district of Wayne township, the appellant. There is nothing in the language of the statute by which its operation can fairly be restricted so as to exempt this case from its effect: In re Abington School District, 84 Pa. 179. Whether the act of 1836 be strictly or liberally construed, this plaintiff is not entitled to recover.

The judgment is affirmed.