# Tucker's Appeal.

1. Husband and wife conveyed her property in trust for her separate use for life so that it should not be liable for her present or any future husband's engagements, and after her death for such persons and uses as she by her will should appoint and in default of appointment for the persons who would be entitled to her "real and personal estate under the intestate laws of the place where she may be domiciled" at her death.    The husband having died, *Held*, that the wife was entitled to a conveyance from the trustee of the trust estate.

2. Equity will relieve from a voluntary and self-imposed trust without consideration, when its purpose has been fulfilled and there is no other reason to preserve it.

3. The provision in the deed for succession according to law of the wife's domicil did not vary the case.

4. Dodson *v.* Ball, 10 P. F. Smith 494, compared and approved.

February 26th 1874.    Before AGNEW, C. J., WILLIAMS, MERCUR and GORDON, JJ.    SHARSWOOD, J., at Nisi Prius.

Appeal from the decree at Nisi Prius.    No. 10, to January Term 1873.    In Equity.

The bill was filed, November 17th 1872, by Elizabeth Dallas Tucker against Dallas Saunders, her trustee, to obtain a decree for the reconveyance to her of her estate conveyed in trust to the defendant by deed dated June 26th 1869 from herself and husband and David H. Tucker.    The plaintiff and Mr. Tucker were intermarried in 1841, and the husband died March 17th 1871.

The property conveyed by the deed belonged to the plaintiff, and the trusts were as follows :—

"For the sole and separate use of the said Elizabeth Dallas Tucker, during all the term of her natural life, and so that the same shall not be liable for the debts or engagements of her

[Tucker's Appeal.]

present or of any future husband she may have or take; and from and after the death of the said Elizabeth Dallas Tucker, then in trust for such person or persons, and for such uses and purposes as she, the said Elizabeth Dallas Tucker, may, by her last will and testament, or any instrument in the nature thereof, declare and appoint; and in default of such appointment, then in trust for the person or persons who would be entitled to the real and personal estate of the said Elizabeth Dallas Tucker, under the intestate laws of the place where she, the said Elizabeth Dallas Tucker, may be domiciled at the time of her death. With full power on the part of the said trustee to sell and dispose of any part of the real or personal estate hereby conveyed, at public or private sale, in his discretion, and to give the purchaser a title clear of the trusts hereby created, and so that such purchaser may not be obliged to see to the application of the purchase-money; and with liberty, from time to time, to change investments of the personal estate, or of the proceeds of real estate, as he shall think proper; and with full power to invest any part of the said personal estate, or of the proceeds of the real estate in a house or residence in the city of Richmond, in the state of Virginia, or elsewhere, where she, the said Elizabeth Dallas Tucker, may reside; which house or residence, when purchased, shall be held by the said trustee upon the same trusts and with the same powers, in all respects, as are declared as to the real estate hereby conveyed, and with full power to enter into any agreement or proceedings for the partition of the real estate, and to settle and allow all accounts of the administration and distribution of the personal estate hereby assigned and transferred, and without liability for any loss by reason of any investment made by the said trustee, unless by his wilful default or negligence."

The bill averred the foregoing facts, and further set out that "the said conveyance to the said defendant in trust as aforesaid, was made for the sole purpose and intention of preventing your orator's separate estate or property from being liable for the debts or engagements or under the control of her said husband, and for no other use, purpose or trust whatsoever."

The defendant answered, admitting the averments of the bill, and submitting himself to the court.

The bill was dismissed *pro formâ* at Nisi Prius.

The plaintiff appealed to the Supreme Court in banc, and assigned for error the decree dismissing the bill.

*M. P. Henry*, for appellant, cited Freyvogle *v.* Hughes, 6 P. F. Smith 228; Ralston *v.* Waln, 8 Wright 279; Nice's Appeal, 14 Id. 143; Dodson *v.* Ball, 10 P. F. Smith 494; Fearne on Remainders 188, 192, 194.

*D. Saunders*, for appellee, cited Girard Life Ins. Co. *v.* Chambers, 10 Wright 486.

[Tucker's Appeal.]

The opinion of the court was delivered, May 11th 1874, by

AGNEW, C. J.—This case is governed by the decision in Dodson *v.* Ball, 10 P. F. Smith 494. The purpose of the deed, which was a self-imposed settlement by Mrs. Tucker, with the consent of her husband, was evidently to provide for her estate during coverture, and no more. The provisions for appointment by will, and on failure to appoint for descent to her heirs and legal representatives (the estate being both real and personal), were evidently intended to preserve her own rights and meet the contingency of her death during coverture. The coverture being the only purpose of the settlement, and being ended by the death of Mr. Tucker, her husband, she now being *sui juris,* and no persons yet entitled as heirs and legal representatives, there is no reason to perpetuate the trust, and it should fall at her own instance. A court of equity will relieve from a voluntary and self-imposed trust without consideration, after its only purpose has been fulfilled, when no other reason exists to preserve it. Analogous principles were applied to the case of an ante-nuptial settlement in Russell's Appeal, decided at this term (*antea,* p. 269).

There is a slight difference between this case and Dodson *v.* Ball, in reference to the clause of descent and succession; but not such, we think, as should change the result. Here the language of the trust, in default of appointment by will, is, "for the person or persons who would be entitled to the real and personal estate of the said Elizabeth Dallas Tucker, under the intestate laws of the place where she, the said Elizabeth Dallas Tucker, may be *domiciled* at the time of her death." This provision was evidently intended to carry the estate to her heirs and legal representatives, as the law would dispose of it in case she made no will. The fact was most probably not adverted to, that a change of domicil to a state whose intestate laws are not the same as those of the state where her real estate might lie, would cause a diversity between the descent of the real estate and the succession to the personalty. But clearly the main intent was to preserve her own control over her property, and to direct its descent and succession to those she regarded as her heirs and legal representatives. This manifest intent, therefore, ought to prevail in equity rather than the accidents of a future domicil.

The decree of the Court of Nisi Prius, dismissing the bill *pro formâ,* is therefore reversed, the bill restored, and it is now decreed that the trustee, Dallas Sanders, reconvey and transfer all the estate, real and personal, held by him as trustee under the deed referred to in the bill, to the said Elizabeth Dallas Tucker, the real estate in fee simple and the personal estate absolutely; and that the costs of this appeal and bill be paid out of the estate in his hands.