Green, J.,
We think it clear, upon all the authorities, that the trust created by the codicil to the will of the testator was passive, and that the appellant was entitled to an absolute conveyance of the trust estate.
The devise contained in the will was, in terms, of a fee simple estate in the realty and an absolute estate in the personalty. By the codicil, the devise is also expressly in fee to the trustees. But the trustees have no functions except merely to apply all the proceeds and profits of the estate to the personal use of the appellant as she might require them. There is no limitation over of either the income or principal of the estate to any person. There are no other estates or interests to be preserved. It is not a spendthrift trust. It was not a trust for protection during coverture, as the appellant was a widow, and not in contemplation of marriage.
No ultimate purpose of any kind requiring the continuance of the trust is expressed in the will, or can be implied from its terms, except the mere payment of the income to the cestui que trust. It would be an affectation of learning to engage in a protracted discussion of the subject, or of the numerous cases in which it has been illustrated. A mere reference tp a few of them will suffice. Dodson v. Ball, 60 Pa. 492; Ogden’s Appeal, 70 Pa. 501; Tucker’s Appeal, 75 Pa. 354.
The fact that the appellant has died since the present appeal was taken still further indicates the necessity for a decree terminal ing the trust. It can no longer be continued except upon the theory that it is to be held in perpetuity, which, of course, is inadmissible.
The decree of the court below is reversed, at the cost of the appellee, and the record is remitted, with direction that a decree be entered for a conveyance of the estate to the persons entitled thereto. H. J. L.