## The Real Estate Trust Co., Trustee, v. Penna. Sugar Refining Co., Appellant.

*Practice Supreme Court—Interest in controversy—Act of May 19, 1897, P. L. 67—Affidavit—Motion to quash.*

1. An appeal can properly be taken only by one having an interest in the result. Where it appears that the appellant had assigned away its interest in the controversy prior to the appeal, a motion to quash might properly be sustained.

2. The affidavit required by the Act of May 19, 1897, P. L. 67, that the appeal is not taken for delay, must be made by appellant or by some authorized officer or agent on its behalf; where the affidavit does not show that it has been made by such person it is not a compliance with the statute.

*Corporate mortgage—Foreclosure—Purchase by trustee—Reorganization—Distribution of stock in new corporation—Detached coupons—Priority—Auditor.*

3. Where acting under the terms of a corporate mortgage a trustee thereunder bought in the property at a foreclosure sale, and at a meeting of the bondholders a plan of reorganization was agreed to, involving the formation of a new corporation and the distribution of stock therein to the holders of bonds and coupons, an

auditor appointed to make distribution of such stock has no other duty than to apportion said stock in accordance with the reorganization plan adopted by a majority of the bondholders. Whether or not the reorganization plan was effective to compel the acceptance of stock in exchange for bonds or coupons was not before him.

4. In such case the auditor was correct in making no distinction between holders of coupons detached from bonds and of those still attached thereto.

5. In making such distribution of stock under the express terms of the reorganization agreement, the auditor committed no error in distributing it, first, among the holders of coupons and, second, among the holders of bonds, at its par value, especially where no evidence was produced to show that the stock was not worth its face value.

6. Where the reorganization agreement provided for the deduction of ten per cent. from the award to all holders of bonds and coupons, in order to secure stock to be applied as a bonus to secure subscriptions to income bonds to provide working capital for the reorganized company, the auditor committed no error in making such deduction without discrimination.

Argued January 22, 1913. Appeal, No. 366, Jan. T., 1912, by The Easton National Bank, from decree of C. P. No. 1, Philadelphia Co., March T., 1907, No. 1616, dismissing exceptions and confirming report of auditor in case of The Real Estate Trust Company, Trustee, in a certain indenture of mortgage, Etc., v. Pennsylvania Sugar Refining Company. Before Fell, C. J., Mestrezat, Potter, Stewart and Moschzisker, JJ. Affirmed.

Exceptions to auditor's report. Before Bregy, P. J.

From the record it appeared that a $3,000,000 issue of bonds of The Pennsylvania Sugar Refining Company, secured by a mortgage on the works, became in default. The Real Estate Trust Company, trustee under the mortgage, foreclosed and bought in the property at the sale. The bondholders, or such of them as were disposed to do so, convened at a meeting and prescribed a plan of reorganization by creating a new company. The purchase of the property by the trustee and the arrangement of the reorganization by the bondholders were pro-

vided for in the mortgage. By the terms of the mortgage and the plan of reorganization the stock of the reorganized company was to be distributed to the bondholders according to their adjudged claims.

Under the terms of the mortgage the interest coupons were to have the right of priority in payment over the principal of the bonds. Abraham M. Beitler, Esq., the auditor appointed by the court to distribute the stock of the reorganized company, allotted to the Easton National Bank stock to the amount of the aggregate of overdue detached interest coupons held by it, in priority to bondholders claiming by virtue of the principal of their bonds, coupons representing interest in arrears and remaining attached to the bonds being given priority co-ordinately with the detached coupons. The auditor refused to recognize any right of priority or otherwise upon the part of the coupon holders to have additional stock awarded them, because of the deficiency in value of the stock below its par. He also withheld ten per cent. of the stock allotted to the Easton National Bank to provide a bonus for income bonds to be issued. The Common Pleas confirmed all the auditor's findings, dismissing exceptions thereto. Upon appeal by holders of principal bonds (Real Estate Trust Company v. Pennsylvania Sugar Refining Company, 237 Pa. 311,) the Supreme Court sustained the ruling of the auditor and the court below, giving priority to the coupons for payment in stock. The Easton National Bank appealed from the decree of the Common Pleas Court dismissing the exceptions filed by it.

*Error assigned* was the dismissal of exceptions filed by the Easton National Bank.

At bar, appellee filed a motion to quash the appeal.

*E. Spencer Miller,* for appellant.

*Joseph deF. Junkin,* with him *Thomas B. Harned* and *M. Hampton Todd,* for appellees.

OPINION BY MR. JUSTICE POTTER, February 24, 1913:

This appeal was taken in the name of the Easton National Bank, but counsel for the appellees urge that the record shows that it is not the real appellant, and that the banks which are the actual appellants were not parties to the suit below, and have no standing to maintain an appeal.

In the particulars of error filed in the court below, as shown in the paper book of appellees, appears the following: "The Easton National Bank, Appellant, by the National Bank of Sunbury, et al., on whose behalf said appeal is taken," and they are signed "E. Spencer Miller, Attorney for National Bank of Sunbury." In appellant's paper book the appeal is entitled "Appeal of Easton National Bank, by First National Bank of Sunbury," but the argument is signed "E. Spencer Miller, Attorney for Lock Haven National Bank, for Appellant." There is nothing in the appellant's paper book to show that either the First National Bank of Sunbury or the Lock Haven National Bank has any interest in the case, but appellees print as an exhibit to their motion to quash, an assignment by Adolph Segal to these and three other banks, of any surplus remaining in the hands of the Easton National Bank arising from any realization by said bank upon the coupons after payment of the assignor's indebtedness to it. Counsel for appellees also point out that the præcipe for the appeal was not signed by counsel for the Easton National Bank in person, and that the counsel whose names were signed do not prosecute the appeal, nor do their names appear in appellant's paper book. Furthermore, the affidavit attached to the præcipe is made by one not shown to be an officer of, or representing in any way, the nominal appellant. The Act of May 19, 1897, P. L. 67, Section 1, provides for the entry of the appeal, and that "filed

with the same shall be an affidavit of the parties, or some one of them or one of their chief officers, or of their agent or attorney, that said appeal is not taken for the purpose of delay," etc.  The affidavit for appeal in this case does not state that the affiant is a party, or a chief officer of appellant, or its agent or attorney, and, therefore, does not show compliance with the requirements of the statute.  An appeal may properly be taken only by a party to the record, or by one interested in the judgment.  It is not at all clear that the Easton National Bank has any interest in the question raised by this appeal.  The other banks, who are apparently the real appellants, rest their claim upon an assignment from Segal of his interest in the surplus remaining in the hands of the Easton National Bank after the satisfaction of its claim.  Their only interest is in the surplus.  The appeal, however, purports to be taken by the Easton National Bank, while the argument has been prepared and presented on behalf of other banks.  We feel, therefore, that the motion to quash this appeal might very properly be sustained.  But passing that question, we are unable to find any merit in any of the assignments of error.  In the first one, complaint is made of the dismissal of appellant's exception that the auditor erred in deciding that he was without authority to consider the question whether or not the plan of reorganization was effective to compel appellant to accept stock in the reorganized company for its interest in the defendant company, which was represented by the detached coupons.  What the auditor held was that there was nothing in his hands for distribution but stock.  He points out in his report that the property was, by the action of those on whose behalf it was purchased, converted into stock, and that the only thing the trustee received, and with which it was charged, was stock, and that was the only thing before the auditor for distribution.  The only duty of the auditor, therefore, in this respect was to apportion the stock in ac-

cordance with the reorganization plan which had been adopted by a majority of the bondholders. Counsel for appellant seems to suggest that the banks he represents as holders of detached coupons, and not of the bonds to which they had been attached, are entitled in some way to a preference over others who are the holders of both bonds and coupons. This is a mistaken idea. The auditor in his award, gave to the arrears of interest priority over the principal of the bonds, but he very properly made no distinction between the interest due to the holders of the coupons which remained attached to the bonds, and to the holders of those which had been detached. The method of distribution adopted by the auditor was in accord with the terms of the mortgage, and was fair and just. The second assignment of error is to the dismissal of an exception charging that the auditor erred in not deciding that the plan of reorganization was violative of the terms of the mortgage, in so far as it gave or attempted to give to bondholders by virtue of the principal of their bonds, their right to share in any degree pari passu, with the holders of unpaid or overdue coupons. We do not see that the auditor erred in his decision in this respect. All the holders of interest coupons are treated alike in the award. It does not appear that any bondholder was awarded priority by virtue of the principal of his bonds. The holders of detached coupons were awarded the same dividend as the holders of coupons, who were also the holders of bonds; and this is all they could fairly ask. It may be that the distribution of stock at par may have given the bondholders an advantage, but it does not appear that any testimony was offered by appellant to show that the stock was not worth par; nor has it been pointed out how the actual value of the stock under the circumstances might have been ascertained. In the absence of any evidence tending to show that the face value of the stock did not represent its true value, the auditor took the only natural and reasonable course, in

basing his distribution on the par value. The plan of reorganization was approved in writing by a majority of the bond and coupon holders of the old stock, and the trustee was directed by them to put it into effect. This was in accordance with the express provision of the mortgage. We do not understand that counsel for appellant denies that the reorganization plan was approved by a majority of the bondholders. If so, it was binding on all the bondholders, including, of course, the holders of interest coupons, whether attached or otherwise.

In the third and fourth assignments of error it is alleged that the court below erred in dismissing exceptions to the deduction from the award of ten per cent. thereof, which under the plan of reorganization was to be applied as a bonus to secure subscriptions to income bonds, to provide the necessary working capital for the reorganized company. This deduction was made in accordance with the plan which was approved by a majority of the bondholders. No discrimination was made in this respect between the holders of coupons. As the auditor points out, it would be manifestly unjust to favor the Easton National Bank in this respect by awarding it the full amount of the stock represented by its coupons, without deducting therefrom the amount to which the subscribers to income bonds are entitled, under their contract with the company. This appropriation was considered necessary in order to secure working capital for the new company, and it was for the benefit of all the stockholders. It was manifestly necessary to make provision for operating the refinery, as otherwise the reorganization would have been useless and the new stock of little value.

The fifth assignment of error is apparently not supported by any exception taken in the court below, and it will, therefore, not be considered here.

The assignments of error are all overruled and the degree of the court below is affirmed.