# Behringer's Estate.

*Appeals—Assignments of error—Erroneous assignments—Trusts and trustees—Parties.*

1. An appeal will be quashed if all the assignments of error violate the rules of court.

2. An assignment of error is bad which recites the decree of the court sustaining exceptions to the confirmation of the sale of real estate, without quoting any of the exceptions.

3. A dry trustee has no standing to appeal from a decree of the court below in a dispute between the cestuis que trust touching the disposition of the estate.

*Trusts and trustees—Dry trust—Power of sale—Act of June 7, 1917, P. L. 388, Sec. 2, cl. 4—Partition.*

4. Where a trustee has only a duty to convey a property, and no discretion in regard to its sale, he has not a power of sale within Section 2, clause (d) of the Revised Price Act of June 7, 1917, P. L. 388, and the court cannot thereunder order a sale because the cestuis que trust fail to agree in regard thereto.

5. Nor is there any other provision in the act authorizing the trustee to invoke the jurisdiction of the court where the trust is passive at the time a petition is filed.

6. In such cases the remedy of the cestuis que trust is by proceedings in partition.

Argued April 28, 1919. Appeal, No. 160, Jan. T., 1919, by Mary B. Mehl, from decree of O. C. Erie Co., Nov. T., 1917, No. 58, sustaining exceptions to confirmation of sale of real estate in Estate of Elizabeth Behringer, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Appeal quashed.

Exceptions to confirmation of sale of real estate. Before WHITTELSEY, J.

The court sustained the exceptions. Mary B. Mehl appealed.

*Errors assigned* were in the following form:

1. The learned court erred in entering the following decree: "And now, May 6th, 1918, it is ordered that the

exceptions to the confirmation of the sale of the real estate in question be sustained and the said sale is set aside and the rule to show cause why the purchaser, M. A. Krug, should not be relieved from the payment of his bid is made absolute."

2. The learned court erred in not dismissing the exceptions of Edward J. Behringer and Charles W. Behringer.

3. The learned court erred in not dismissing the petition of M. A. Krug.

4. The learned court erred in not confirming absolutely the sale of the real estate by Mary B. Mehl, trustee, to M. A. Krug.

*Charles A. Mertens,* with him *Monroe Echols,* for appellants.

No printed brief nor argument for appellee.

OPINION BY MR. JUSTICE SIMPSON, May 21, 1919:

The appeal in this case will have to be quashed. Each assignment of error violates the rules of this court, the first because it refers to the sustaining of four separate exceptions and does not quote any of them, nor are any of them quoted in the other assignments, and the others because they allege errors of the court below in not doing certain things, without setting forth how or in what way it was asked to do them. Moreover, appellant has no interest in the property, the subject of this controversy. She is but a dry trustee thereof, required to convey it upon demand,—in effect merely a stakeholder, and therefore not entitled to appeal: Crawford v. Shriver, 139 Pa. 239; Real Estate Trust Company v. Pennsylvania Sugar Refining Company, 239 Pa. 456. We less regretfully reach the conclusion stated, inasmuch as in no event could the relief sought be granted.

Appellant presented to the court below a petition under Sections 1 and 2 of the Revised Price Act of June 7, 1917, P. L. 388, averring that on January 30, 1899, she

and her husband, now deceased, executed a declaration
of trust as follows: "Know all Men by these Presents,
that we, the undersigned, John P. Mehl and Mary B.
Mehl, his wife, do hereby certify that the land conveyed
by George J. Behringer and Elizabeth Behringer, his
wife, to us by their deed dated January 30, 1899, we hold
in trust for said Elizabeth Behringer, wife of said George
J. Behringer, and we hereby further covenant and agree
for and in consideration of the sum of One Dollar to us
in hand paid by the said Elizabeth Behringer, the receipt
whereof we do hereby acknowledge, that we shall and
will convey the real estate described in said deed unto
any person or persons named and designated by the said
Elizabeth Behringer, her heirs and assigns, upon request
or requests made to us in writing"; that said Elizabeth
Behringer died without making any disposition of said
property, "by reason whereof it descended to and vested
in" her five children, "all of whom are of full age and
sui juris"; that three of said children desire a sale of the
property and join in the petition, but the other two "have
refused to act, and do unreasonably withhold their con-
sent to a sale being made of said premises."

The court below thereupon issued a citation to the
other two children, and, they not appearing at the return
day thereof, directed a public sale of the property, a sale
was had, the nonconsenting children filed exceptions to
its confirmation, alleging the court had no jurisdiction to
order the sale, and the purchaser filed a petition also al-
leging a lack of jurisdiction, and praying relief from his
bid.   The court below, following the reasoning in Garri-
son's Estate, 65 Pittsburgh Leg. Journal 778, concluded
that the court of common pleas alone had jurisdiction,
and hence sustained the exceptions and set the sale aside.
Appellant, being of opinion that the jurisdiction of the
orphans' court was properly invoked, because, as she
alleges, the title to the property was acquired "partly by
deed and partly by descent," prosecuted this appeal.
With that difference of opinion we are not concerned,

for in our judgment neither court had jurisdiction to grant the relief sought.

The petition was evidently filed under section 2, clause (d) of the act, which provides that "The several courts aforesaid shall exercise the jurisdiction conferred...... where there is a power of sale; and......any one or more persons required to consent or join in its exercise ......refuse to act [or] unreasonably withhold consent." Appellant, however, has no "power of sale," but only an obligation to "convey the real estate described ......upon request or requests made......in writing." She has no discretion in the matter, her duty is to obey the wish or whim of the real owners, whether she believes it to be wise or otherwise, provided only it is expressed "in writing." Clearly, therefore, this is not a matter within the contemplation of that provision of the act.

We might dismiss the matter at this point, for the basis of the petition is the foregoing provision only; but we have searched the act to see if we could find elsewhere therein authority to grant relief under the facts stated. We have found none. It is true section 2, clause (a), subclause (Five) authorizes the court to act where property is "subject to a trust of any description whatever"; and section 2, clause (f) "where a trust has been created, and no power conferred on the trustee to do any of the acts which the court is empowered to authorize or confirm under the provisions of section one." Those clauses, however, manifestly relate only to a trust which is valid and subsisting at the time relief is sought, and not to one which is purely passive, or having once been active has ceased and determined. In the instant matter the trust always had been passive, and no reason exists why it should longer continue.

We held in Rodrigues's App., 1 Monaghan 59, 64, and again in Wood's Est., 261 Pa. 480, that where a trustee has no duties to perform, there is no limitation over of either income or principal, there are no other estates or interests to preserve, and the trust is not a spendthrift

trust or for protection during coverture, the equitable title to the property vests absolutely in the persons beneficially interested; and in Culbertson's App., 76 Pa. 145; Harrar's Est., 244 Pa. 542, and Stafford's Est., 258 Pa. 595, that even where a valid trust is created, it continues only so long as the thing secured by it demands, and thereafter will be declared at an end at the request of any one in interest. Here the declaration of trust expresses no reason for the conveyance to appellant, and it is more than doubtful whether anything could be added thereto by parol, even if the petition had averred, which it did not, that the trust had any other purpose than to conserve the convenience of the parties. The only other imaginable purpose or purposes would be either to create a separate use trust for Mrs. Behringer, or to enable her to convey a good title without the joinder of her husband; and, of course, if they ever existed, they both ended when she died.

The parties in interest in this property have an adequate remedy wholly aside from the Revised Price Act. Any of them may institute an action of partition, at law or in equity, whether the estate is legal or equitable: (Hayes's App., 123 Pa. 110, 132; Hanna v. Clark, 189 Pa. 321); and appellant could be required to transfer the legal title to the allottee or purchaser, in the same proceeding if it is in equity, and in another proceeding if it is not.

The appeal is quashed.