## Freeman's Estate.

*Trusts and trustees—Practice, O. C.—Petition by trustee for instructions—Revised Price Act of 1917 and the Declaratory Judgments Act of 1923.*

1. A prayer in a petition by a professional trustee (in the instant case the Girard Trust Company) for aid and assistance as to its duties will be refused.

2. Such a petition cannot be regarded as a request made under the Declaratory Judgments Act of June 18, 1923, P. L. 840; and if so made, would be refused.

3. A prayer in a petition by a testamentary trustee, charged by the will with the division of undivided interests in real estate in Philadelphia and Clinton Counties among beneficiaries, for a public or private sale will be treated as a request for an order of sale under the Revised Price Act of June 7, 1917, P. L. 388, and leave will be granted to the trustee to petition for such amendment as may be necessary to make the petition conform to the rules of practice governing such applications.

4. As the Orphans' Court of Philadelphia has no jurisdiction over land in Clinton County, lands in that county should be omitted from the petition.

Petition of Girard Trust Company and answers thereto. O. C. Phila. Co., Jan. T., 1881, No. 228.

*John Wintersteen* and *A. H. Wintersteen,* for petitioner.

*Albert S. Longbottom* (of *Byron, Longbottom, Pape & O'Brien*), for respondent.

HENDERSON, J., March 12, 1926.—The petition of the trustee under the will of Henry G. Freeman avers that its testator died seized of certain premises at the southeast corner of Broad and Chestnut Streets and of certain wild lands in Clinton County, Pennsylvania, both of which parcels became a part of his residuary estate, which was to be held in trust until the death of testator's last surviving child, which event has happened, when the will further provided and directed the trustee "to make, partition, allotment and division of my entire estate, real and personal, to and amongst the persons receiving or entitled to the income thereof immediately prior to such death, by virtue of the previous clauses of this my will, and the persons who under the said clauses would be entitled to the income of the share of the said longest liver, at his or her death, according to their several and respective rights, shares, interests and estates in said income, and they my said trustees shall according to said partitions, allotment and division by good and sufficient deeds, conveyances, assurances, transfers and assignments vest in each of said persons absolutely in fee to him or her, his or her heirs, executors, administrators and assigns, the title to his or her purpart, share or allotment in severalty, and to enable them my said trustees so to do, I hereby give them all necessary powers and authorities, interests and estates in the premises."

It further appears that under the provisions of the will and by decree of this court entered Oct. 24, 1896, affirmed in Freeman's Estate, 181 Pa. 405, the petitioner, as trustee, leased the Broad and Chestnut Streets premises for a term of fifty years, upon what is known as an improvement lease, whereunder the lessee was to pay the yearly rent of $22,500 for the first ten years and $25,000 per annum thereafter, and covenanted to erect an office building on the site, and this covenant has been performed.

Freeman's Estate.

The estate is, therefore, the owner in fee of said premises, subject to the lease expiring Aug. 2, 1947. The parties in interest were all ascertained when the personal estate was divided by this court, and, if possible, the trustee must perform the duty placed upon it by the testator, the surviving child being deceased.

There are four prayers in the petition: (1) For aid and instruction as to the duties of the trustee; (2) for a master to ascertain the beneficial interests of the parties; (3) for a public or private sale; and (4) for an accounting of the proceeds of such sale. Each of these prayers will be considered.

The first one for aid and instruction must be refused. Counsel freely concede that this request is not made under the Declaratory Judgments Act, and we may add, would not be granted if so made. Counsel for the trustee also stated that, as there had been so much litigation in this estate, he thought this prayer proper to aid in protecting his client from a possible demand for a surcharge. The testator selected a professional trustee of conceded standing and skill, and to it he committed his confidence and the duty of making "partition, allotment and division" of his estate among the parties in whom it is now vested. The parties are entitled to the exercise of the highest skill of the trustee, aided by counsel learned in the law, and should not be subjected to having the discretion of the trustee exercised by the court, for this is what it would come to. No authority is cited for this extraordinary prayer, and we know of none. It was Mr. Justice Coulter who well said in Boger's Appeal, 10 Pa. 440: "Suitors in the temple of justice must enter at the door, and not clamber over the wall."

The second prayer for a master to find and fix the beneficial interests was conceded to be unnecessary, as they have been ascertained. The fourth prayer need not be considered now.

The third prayer for an order for a public sale may be received as a request for an order for sale under the Revised Price Act. The petition must, however, be amended by omitting the Clinton County lands, and made to conform to the rules and practice governing such petitions, including the affidavits of two real estate experts as to value. Leave is granted to petition for such amendment, whereupon a citation will be awarded directing notice to all parties, and when the matter is at issue, it may be placed on the argument list, when counsel will present their views as to the jurisdiction of this court to order such a sale. But see Behringer's Estate, 265 Pa. 111.