Allen Estate.

Argued April 22, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John J. McDevitt, Jr.,* for appellant, husband of Testatrix.

*Glenn A. Troutman,* with him *Nathan J. Bonx,* for appellees, remaindermen.

*William D. Harkins* and *G. Nicholaus Nicholson,* for Trustee.

OPINION BY MR. JUSTICE PARKER, May 24, 1943:

We must quash this appeal for the reason that the appellant has no interest in the property which is the subject of the controversy: *Behringer's Est.,* 265 Pa. 111, 108 A. 414; *Real Est. Tr. Co.* v. *Pa. Sugar R. Co.,* 239 Pa. 456, 86 A. 1074.

The pivotal question involved is whether certain legatees took a vested interest in remainder under the will of Anna C. Allen. Testatrix, after making certain personal bequests, directed her executors to convert the balance of her property into cash, and then provided, in part, as follows: "I give and bequeath the sum of $8,-

000.00 from the above residuary fund unto my Executors and Trustees hereinafter named, or the survivor of them, in Trust . . . to pay over the net income thereof from time to time unto my beloved Sister, Rosa Mehnert, for and during the full term of her natural life". She then provided that if Rosa should predecease her the income should be paid to Eleanor and Carl Howard Mehnert, until they respectively arrive at the age of thirty years, when the principal is to be paid to them "absolutely and in fee". The will continued: "In the event that Rosa Mehnert survive me, immediately upon her death, should the two children, Eleanor and Carl Howard Mehnert, children of Carl P. Mehnert, have arrived at the age of thirty (30) years, then this Trust, shall cease and come to an end and the principal thereof shall be paid over share and share alike to the two children of my nephew, to wit: Carl Howard Mehnert and Eleanor Mehnert, but should they not have arrived at the age of thirty (30) years, at the time of the death of Rosa Mehnert, then I direct that the share of either or both of them be held in Trust by my said Executors and Trustees until, he, she, or they, shall have arrived at the age of thirty (30) years and be distributed and paid over to them as above set out, absolutely and in fee".

By another paragraph, as altered by a codicil, the residue of the estate was given to Eleanor and Carl Howard Mehnert. The testatrix, claiming her husband, the appellant, had deserted her, excluded him from participation in any part of her estate. The husband elected to take against the will.

The surviving husband and all parties in interest then entered into a written agreement, in the nature of a family settlement, for the distribution of the estate. We will refer to the pertinent portions of this settlement. The residuary estate was to be divided as follows: two-thirds to Frank J. Allen, and one-third to be divided equally between Eleanor and Carl Howard Mehnert. The agreement then continued: "The specific bequests

given and the trust fund created in the will of the above named decedent shall in no wise be affected by the election to take against the will or this agreement settling the rights of the parties thereby affected." It was also provided that a parcel of real estate, at a valuation of $3,500, and cash in the amount of $4,500 should be appropriated to create the $8,000 trust.

Rosa Mehnert survived the testatrix. When Rosa died, Eleanor and Carl H. were not yet thirty years of age. On the death of Rosa, the trustee stated an account and asked for a dissolution of the trust estate, in which request the trustee was joined by Eleanor and Carl H. Mehnert. The orphans' court terminated the trust and awarded the principal of the estate to Eleanor and Carl H. Mehnert.

The appellant argues that since the grandniece and grandnephew had not reached the age of thirty years on the death of Rosa, the trust estate did not vest in them, that the estate was not then terminable, and that if either of them failed to live to thirty years of age the appellant would be entitled to take an interest in the principal. We all agree with the court below that the principal of the trust estate vested in Eleanor and Carl Howard upon the death of the life tenant, Rosa, and that such interest was not contingent on their arrival at the age of thirty years.

Before examining the facts, we will refer to some of the guides to be employed in solving the problem. "(2) The law favors vested rather than contingent estates, and will not suffer the inheritance to be in abeyance if, by any reasonable construction of the will, it can be avoided. (3) A legacy or bequest will be held contingent or vested *as time is annexed to the gift or only to the payment of it,* and the question whether or not a testator intended that the ultimate devisee should survive the time of actual distribution in order to possess a vested interest is not to be judged by the mere form of expression employed at any one point, *but by the whole scheme*

*of the devise or will"* [Italics supplied.] : *Brown's Est.,*
289 Pa. 101, 114, 137 A. 132.

The clause of the will which we must construe pro-
vided for three situations: (1) If Rosa died before tes-
tatrix; (2) if Rosa survived her, and Carl and Eleanor
were thirty years of age when Rosa died; and (3) if
Rosa should survive her, but Carl and Eleanor should
not then be thirty years of age, the situation which actu-
ally developed. In each case she uniformly provided that
the remainder should go to Carl and Eleanor, but that
they should not receive it until they were thirty years
of age. In none of the three clauses did she make any
gift over if they did not attain the age of thirty years.
See *Carstensen's Est.,* 196 Pa. 325, 335, 46 A. 495.

Under the clause which became operative, she di-
rected that the *share* of either or both of them should be
held in trust, thereby indicating an antecedent gift
vested in interest but deferred in enjoyment. Such post-
ponement of "distribution" or full "enjoyment" will
not cause a delay in vesting: *Brown's Est.,* supra, p. 113.
In *Lloyd's Est.,* 326 Pa. 230, 192 A. 98, it was held that
a vested remainder was given the children by a will cre-
ating a trust to "pay over the net income thereof unto
my beloved wife . . . for and during the term of her
natural life . . . and at and after the decease of my said
wife, then in trust to be equally divided between my chil-
dren . . . as they respectively arrive at the age of
twenty-one years, share and share alike, absolutely and
in fee."

There is a marked similarity between that case and
the situation we are examining. It is even clearer here
that the estates are vested, for we are not depending
alone on the direction as to when to pay; the gift is
antecedent to and independent of the direction to dis-
tribute.

Appellant also predicates an argument on the use
of the expression "absolutely and in fee", but these were
the exact words used in *Lloyd's Est.,* supra. They do not

usually indicate the elimination of a contingency, but rather a possession of the whole title as opposed to an equitable title. That testatrix so used the words is also shown by the fact that she employed the same expression in the residuary clause.

The orphans' court properly terminated the trust estate: *Shallcross's Est.*, 200 Pa. 122, 49 A. 936; *Bennett's Est.*, 41 Pa. Superior Ct. 579; *Stafford's Est.*, 258 Pa. 595, 102 A. 222. There would be no purpose served in continuing the trust. Appellant having no interest in the $8,000 trust, the fund for distribution, the appeal must be quashed.

Appeal quashed at cost of appellant.