## Brady's Estate

Before Van Dusen, P. J., and Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Joseph M. Smith*, for exceptants.

*Henry Temin*, contra.

HUNTER, J., June 18, 1943.—This testatrix, after setting up a trust to endure until the death of the last survivor of her children, provided as follows:

"When my daughters and sons become deceased then the property to be divided between my grandchildren according to the number of families of grandchildren, each family to be given an equal portion and each grandchild to receive their portion when they reach the age of twenty-five (25).

"If either grandchild becomes deceased before the age of 25 years leaving no issue their portion shall be equally divided among the remaining grandchildren."

We agree with the auditing judge that the limitation over, should a grandchild die without issue before the age of 25, violates the rule against perpetuities: Coggins' Appeal, 124 Pa. 10; Kountz's Estate (No. 1), 213 Pa. 390; Adams' Estate, 23 Dist. R. 271.

We disagree, however, with his conclusion that the primary gift to the grandchildren also violates the rule. This gift, in the first instance, was a vested gift. It was a present gift, postponed only as to possession until the age of 25, and vested immediately: Rhodes' Estate, 147 Pa. 227; Bilyeu's Estate, 346 Pa. 134; Allen Estate, 347 Pa. 364.

The divesting limitation, should a grandchild die without issue before the age of 25, was intended to operate as a condition subsequent. The primary gift was not thereby made contingent but remained as a vested estate, subject to be cut down and divested should the stated event occur.

As was said in McCall's Appeal, 86 Pa. 254, 257:

"Where the devise over is made dependent upon the first devisee dying before he comes of age, or without

issue, or any similar event, it is considered that the devise is equivalent to a provision that the first donor shall take an immediate vested interest, liable to be defeated by the happening of the contingency named; or if it do not happen, the estate then to become absolute and indefeasible. . . ."

This statement was quoted with approval in Carstensen's Estate, 196 Pa. 325, and Menoher's Estate, 18 Pa. Superior Ct. 335.

The primary gift having vested within the limits of the rule against perpetuities, the question for our decision is whether it is affected by the invalidity of the limitation over.

The general rule is that a valid limitation which is possible of separation from one that transgresses the rule against perpetuities will not be struck down: Whitman's Estate, 248 Pa. 285; Bilyeu's Estate, supra.

In Betts et al. v. Snyder et al., 341 Pa. 465, testator devised certain lands to his nephew and niece and the heirs of the survivor, subject to certain restrictions as to the use of the land, upon breach of which the land should go over to a charitable institution. The devise over was a void perpetuity. It was held that the first takers took an absolute estate discharged of the condition. Mr. Justice Parker said (page 469) : "The attempted conditions may have been dear to testator's heart, but they were subordinate to and entirely independent of his main purpose."

See also Gray on Perpetuities, §§250, 423, and Restatement of the Law of Property, §229.

These authorities constrain us to hold that the vested interests of the grandchildren became indefeasible upon the invalidity and ineffectiveness of the divesting limitation.

The striking down of the void limitation makes it unnecessary for us to decide whether or not there was an implied gift to the issue of a deceased grandchild. The reference to issue is not found in the original gift,

but in the divesting limitation. Any such gift to issue would be too remote and would fall with the limitation which contained it. We might here remark, however, that the rule in Beilstein et al. v. Beilstein, 194 Pa. 152, does not apply to this case. The applicable rule is that of Martin et al. v. Grinage, 289 Pa. 473, 489, which is to the effect that where a will gives a fee in the first instance (not merely a life estate as in Beilstein et al. v. Beilstein, supra), followed by a devise over after a definite failure of issue, there is no implied gift to issue; the estate in the first taker is a fee, subject to go over by executory devise should the first taker die without issue.

The exceptions are sustained and the adjudication is modified accordingly.

KLEIN, J. (dissenting).—It is a well-accepted canon of testamentary construction that a legacy shall be deemed vested or contingent as time shall appear to have been annexed to the gift, or only to the payment of it.

By reason of its misleading similarity to cases like Bilyeu's Estate, 346 Pa. 134 (1943), and Allen Estate, 347 Pa. 364 (1943), cited in the majority opinion, the gift in this case might, on first inspection, appear to be vested, possession only being postponed until the grandchildren attain the age of 25 years.

However, in Bilyeu's Estate the testator directed his trustee to pay the income from the share bequeathed to each grandson until he should become 25 years of age, and the court expressly relied on this gift of income as indicating an intention to make a present gift. In Allen Estate there was no gift over and the gift itself would appear to carry with it the income during the period of postponement.

The present case is, in my opinion, controlled by Grothe's Estate, 237 Pa. 262 (1912), in which the Supreme Court held (p. 265) : " '. . . where there is no an-

tecedent gift or bequest, independent of the period fixed for payment, then it is not vested, but contingent'. . ." and emphasized that this is especially true where there is no gift of the intermediate income. See also Lamb v. Lamb, 8 Watts 184 (1839), Moore v. Smith, 9 Watts 403 (1840), and Seibert's Appeal, 19 Pa. 49 (1852).

In the present case I can find no absolute gift to the grandchildren of the testatrix antecedent to the direction that they shall receive their portion when they reach the age of 25 years. The prior direction that her property shall be divided among her grandchildren according to families, each family to be given an equal portion, appears to me to contain no dispositive significance other than to indicate that the testatrix intended a stirpital division among her grandchildren, rather than the per capita division which might have resulted had she not expressly indicated otherwise.

Considering the real meaning and intent of the testatrix, as the same can be gathered from her own language, without resort to artificial canons of construction, it seems to me that this testatrix has gone to more than the usual trouble to proscribe against any interest vesting in her grandchildren before attaining the age of 25 years.

I am therefore of opinion that the auditing judge correctly held that the gift in remainder to grandchildren upon their attaining the age of 25 years was a deliberate, although perhaps ill-advised, postponement of vesting beyond the limitations of the rule against perpetuities and that such gifts must be held to have violated the rule.

As to whether or not the divesting limitation contained an implied gift to the issue of deceased grandchildren, it seems clear that, if the limitation itself is void as too remote, any implied gift over contained therein must also be held to be too remote.

The auditing judge therefore correctly awarded the remainder interests in this estate to the next of kin of the testatrix or persons claiming through them.

I would therefore dismiss the exceptions.