## Carroll Estate

*Raymond M. Seidel, High, Swartz, Roberts & Seidel* and *Frank O. Schilpp, Rambo & Mair,* for accountant.

*William Buchanan Gold, Jr.,* for income beneficiary and residuary legatee.

TAXIS, P. J., March 22, 1968.—The account shows a principal balance for distribution of $74,057, composed of mortgage due from Edward A. Carroll Company, Inc., on premises known as Belmont Avenue and Levering Mill Road, Lower Merion Township, Mont-

gomery County, $62,500, household furniture and furnishings as set forth on page 5 of the account $500, and cash. There is an income balance for distribution of $7,000. . . .

By his will, decedent placed his interest in Edward A. Carroll Company, Inc., in trust to pay the income therefrom to his wife for life, and upon her death to transfer the corpus to his nephew, James F. McGarity, Jr., absolutely. The residuary estate was given absolutely to his wife, Clara M. Carroll, who has elected to take under the will. The court has been requested to determine the source of payment of the inheritance tax liability due on the interest of James F. McGarity, Jr., in this estate. Accountant takes the position that the inheritance tax due upon the interest of James F. McGarity, Jr. should be paid from the residuary estate rather than from the trust corpus, which position is opposed by Clara M. Carroll. There is no provision in the will concerning payment of inheritance taxes.

The applicable statute is the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, sec. 718, 72 PS §2485-718, which provides in subsection (a) thereof that inheritance tax liability imposed on ". . . property which passes by will absolutely and in fee and which is not part of the residuary estate shall be paid out of the residuary estate. . . " Other parts of section 718 provide that the tax on life and other estates for limited periods shall be paid out of the principal supporting such estates, but that in all other cases each transferee shall bear the liability on his own share. The two stated exceptions to the latter rule constitute changes from prior law under which, excepting only where the testator provided otherwise, the transferees of all interests bore the inheritance tax liability imposed thereon.

Accountant argues, in summary, that a vested remainder passes to its owner absolutely and in fee at

the time it vests in enjoyment and that since no tax on it need be paid until that time, the case comes squarely within the provisions of subsection (a) supra. Accountant further argues that the words "absolutely and in fee" do not refer to the absence of a present contingency or condition, but rather to ownership of the entire title as opposed to something less than a fee simple: Allen Estate, 347 Pa. 364. Allen Estate, however, dealt entirely with the problem of classifying a remainder as vested or contingent and there is no contention here that the McGarity interest is not a vested remainder. The issue here is the meaning to be imputed to section 718 (a) for present purposes, and we believe that the most reasonable interpretation of it requires us to reject accountant's position.

In the first place, practically all property disposed of by will at some time passes in fee and absolutely to some owner, after prior estates and conditions are satisfied. Since this is so, the provision of the act imposing liability upon each transferee except where the transfer is within the two special cases would be largely nullified by accountant's construction. This effect can be avoided by restricting section 718 (a) to fee simple and absolute interests subject to no prior estates or conditions, that is, to so-called outright gifts. This leaves both provisions of section 718 with significance. Further, it is highly probable that the change in law made by this section was only to avoid the partial frustration of testator's intent that occurred under prior law when inheritance taxes were deducted from specifically described gifts such as cash legacies, securities or particular chattels, prior to their distribution. We do not regard vested remainders as being within this area, even if they are of specific property, and, in any event, a statute which would make such a substantial change in prior law as is argued here should contain a more positive statement of

legislative intent to do so than does this one. See Johnson Estate, 29 D. & C. 2d 495.

Confirmation of this view appears from reference to Grossman and Smith, Pennsylvania Inheritance and Estate Tax, page 404, comment to section 718 (a), where it is said, "Transfers of property in trust are not included within this subsection because the tax on the remainder might be postponed and be payable at varying rates, which circumstances might complicate the settlement of the estate". Accountant contends that a remainder interest is not a trust; however, testator's whole gift is undoubtedly and precisely a transfer of property in trust. Further, the difficulties envisioned in the above comment are present here: the taxes on the life estate and the remainder are at different rates, and accountant concedes that a reserve would have to be set up out of the residuary estate at this time, since that entire estate is immediately distributable under the will. For all of these reasons, we hold that the transfer inheritance tax attributable to the vested remainder of James F. McGarity, Jr. is payable from the property comprising the remainder and not from the residuary estate. . . .

And now, March 22, 1968, this adjudication is confirmed nisi.